LEGUILLOU, PLAINTIFF AND RESPONDENT, *v.* DELGADO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in an action of debt.

No. 1029.—Decided January 14, 1914.

EVIDENCE—MISTAKES AS TO DATES.—It is immaterial that the witnesses for the plaintiff may have been mistaken as to the dates of the happenings testified to by them, as that error does not affect the essential part of the obligation the fulfilment of which the defendant seeks.

ID.—CONTRADICTORY EVIDENCE.—The trial court has facilities for weighing the evidence and deciding upon the credibility of witnesses which this appellate court has not, within the nature of judicial proceedings, and in case the evidence should be contradictory it is the province of the lower court and not of the appellate court to adjust the conflict.

The facts are stated in the opinion.

*Mr. Francisco González* for appellant.

*Messrs. Aponte & Aponte* for respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

In 1911 Yldefonso Leguillou filed a sworn complaint in the District Court for the Judicial District of Humacao against Andrea Delgado for the recovery of $949.92, with lawful interest thereon, and costs and attorney's fees.

The grounds of the complaint were that the plaintiff had lent the defendant three sums of money, to wit: a sum of $100 to pay for the ruins of a house on San Juan Street, Vieques, another sum of $400 to pay the expenses of clearing away the ruins and constructing a new house and a third sum of $449.92 for the purchase of zinc, lumber and other materials, the three items totaling the sum claimed; that the defendant bound herself to repay the said sums within a few months after the construction of the new house, but that she had not yet done so in spite of the demands made upon her to that effect and the lapse of more than three years from that time to the date of the complaint.

The defendant, Andrea Delgado, denied having received from the plaintiff the three sums of money referred to in the complaint and denied that she owed the plaintiff the amount sought to be recovered on any account; wherefore she prayed that the complaint be dismissed with the costs against the plaintiff.

The trial took place and on March 17, 1913, the court rendered judgment against Andrea Delgado for $780, to be paid to Yldefonso Leguillou together with lawful interest from the date of the filing of the complaint, without special imposition

of costs. From that judgment the defendant appealed to this court.

In support of this appeal the defendant alleges five grounds which may be reduced to one—that is, errors of fact and of law in weighing the evidence introduced at the trial in violation of sections 13, 18, 21 and 38 of the Law of Evidence.

Let us examine the evidence introduced at the trial by both parties.

The plaintiff, Yldefonso Leguillou, testified that at first Andrea Delgado asked him for the loan of $100, which he did not feel inclined to grant, but that he did so later at the earnest request of one of his sons; that with this money she purchased a house in bad condition and as she subsequently asked him for $200 more to repair the same, he told her that she might get the lumber from Ramón Simó, upon whom he drew an order to furnish her the materials necessary for the construction of the house; that he paid $280.37 to Simó, $159.65 to Francisco Pesquera, and $400 to carpenters Andrés Lemoned and Marcelino Ramírez, who were in charge of the construction of the house; that he furnished the said sums during the year 1908 or 1909 (he does not recall the month) and that Andrea Delgado has not repaid him. Leguillou added that he brought an action of unlawful detainer against Andrea Delgado in the Municipal Court of Vieques, in which he alleged that the house belonged to him and that Andrea Delgado owed him ten months' rent which she had not paid, but that that was not true as the house belonged to Andrea Delgado and she owed him the amount sued for, which he lent her and which she has not repaid. The action of unlawful detainer was dismissed.

Saturnino Leguillou testified that Andrea Delgado asked him to intercede with his father for the loan to her of $100 so that she might purchase a house in Vieques which was almost in a state of ruin; that he induced his father to lend the Delgado woman the said amount; that this occurred in

the years 1908-09; that approximately $800 was spent in the rebuilding of the house, which amount Andrea Delgado had not repaid, her replies to the demands for payment being that she had no money and that the property was security.

Ramón Simó testified that about the year 1909 Yldefonso Leguillou gave him an order to deliver to Andrea Delgado lumber for the building of a house and that therefore he filled her orders for lumber, charging the same to Leguillou who paid him $280 and some cents therefor.

Andrés Lemoned testified that he did some work with another carpenter on the house in the town of Vieques for account of Yldefonso Leguillou, which house is occupied by Andrea Delgado; that Leguillou through her paid him $400, more or less; that this took place two or two and a half years prior to the month of February, 1913, when the witness testified.

The evidence of the defendant consisted of a copy of the complaint in the action of unlawful detainer brought by Yldefonso Leguillou against her; of 10 papers signed by the carpenter, Marcelino Ramírez, during the months of January, February and March, 1906, and of the testimony of the defendant, Andrea Delgado.

The complaint shows that it was filed by Leguillou in the Municipal Court of Vieques on April 17, 1911, against Andrea Delgado to evict her from the house situated on San Juan Street, Vieques, of which Leguillou alleged that he was the owner by title of construction and that he had rented it to the Delgado woman at a monthly rental of $10, which rental she had failed to pay for 10 months.

The 10 papers signed by Marcelino Ramírez tend to prove the payments of money by Andrea Delgado to Ramírez or orders for money drawn by Ramírez on the Delgado woman. The majority of said papers show work done by Ramírez for the Delgado woman in the construction of a house belonging to her and they amount in the aggregate to $59.87.

Andrea Delgado testified that she is the owner of the house situated on San Juan Street, Vieques, which she purchased

from Señor Delerme and had rebuilt in 1906 with her own money; that although the plaintiff, Yldefonso Leguillou, gave her an order on Ramón Simó to furnish her with the lumber, she herself paid to Simó the amount thereof of $184; that she also paid the $100 for the house which she purchased from Delerme; that she also bought lumber in a store in Vieques, the name of which she cannot recall; that she does not remember what amount of money she spent in building the house because she kept no account; that Lemoned never worked on the house but that Marcelino Ramírez did the work in 1906.

In order to impeach the veracity of the witnesses for the plaintiff, Andrea Delgado offered in evidence a copy of a deed executed January 12, 1906, showing that in that year she purchased a house situated on San Juan Street, Vieques.

In view of the evidence introduced at the trial by both parties the lower court made the following findings of fact: That on January 12, 1906, the defendant purchased from A. M. Delerme a house situated on San Juan Street, Vieques, for the sum of $100; that for the purchase, rebuilding and materials of the said house she was furnished the following sums of money by the plaintiff, Yldefonso Leguillou: $100 for the purchase of the house; $280 for the purchase of materials, and $400 for the work of construction, totaling $780, which the defendant has not paid to the plaintiff.

The evidence introduced at the trial supports those conclusions, as it is certainly convincing that Yldefonso Leguillou advanced to Andrea Delgado in the nature of a loan $100 for the purchase of the house, $280 more for the purchase of the lumber which Ramón Simó furnished to the defendant for account of the plaintiff, and $400 which Leguillou paid to the carpenter, Andrés Lemoned, for the reconstruction work, the said items totaling $780, for which judgment was rendered against the defendant.

It is immaterial that the witnesses for the plaintiff may have been mistaken as to the dates of the happenings testified

to by them, as that error does not affect the essential part of the obligation, the fulfilment of which the defendant seeks. That obligation exists whether the facts originating the same took place in 1906, in 1908, or in 1909.

The fact that Yldefonso Leguillou alleged in the complaint filed in the action of unlawful detainer brought against Andrea Delgado that he was the owner of the said house and that he testified at that trial, in contradiction of that asserted in the present case, that the said house belonged to Andrea Delgado and that she owes him the value thereof, does not constitute a ground for the rejection of his testimony as false, especially when the essential allegations of the complaint appear to have been corroborated by witnesses Saturnino Leguillou, Ramón Simó and Andrés Lemoned and even in part by the defendant herself when she admitted that Simó furnished her the lumber on an order from the plaintiff, Leguillou.

We have frequently decided that the lower court has facilities for weighing the evidence and deciding upon the credibility of witnesses which this appellate court has not, within the nature of judicial proceedings, and that in case the evidence should be contradictory it is the province of the lower court, and not of the appellate court, to adjust the conflict. The conclusions of the District Court of Humacao are sustained by the evidence introduced taken altogether and, instead of having been infringed, the rules of evidence cited by the appellant have been applied correctly.

The judgment appealed from should be affirmed.

*Affirmed.*

Justices Wolf, del Toro and Aldrey concurred.